**ALCOHOL FOUNDATION, INC.,**
Plaintiff–Appellant,

**U.S.A., ex rel. Alcohol Foundation, Inc., Plaintiff–Appellee,**

v.

**KALMANOVITZ CHARITABLE FOUN-DATION, INC., Austin, Nichols & Co., Inc., E. & J. Gallo, Inc., Fortune Brands, Inc., Beer Institute, Beringer Wine Estate Holdings, Inc., Distilled Spirits Council of the US, Inc., Sea-gram & Sons, Inc., Bacardi–Martini USA, Wine Institute, Deluca Liquor & Wine, Inc., S & P Company, Todhun-ter International, Inc., Heineken U.S.A., Inc., Southern Wine & Spirits of America, Inc. & John Doe's to be Named, Defendants.**

No. 02–6097.

United States Court of Appeals, Second Circuit.

Dec. 13, 2002.

David Paladin, Mineola, NY, for Appellant.

Elizabeth Wolstein, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Gideon A. Schor, Assistant United States Attorney, on the brief) New York, NY, for Appellee.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. OAKES, and Hon. RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTEN-TION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Fo-ley Square, in the City of New York, on the 13th day of December, two thousand and two.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED AND DECREED that the judg-ment of the district court be and it hereby is AFFIRMED.

Plaintiff-appellant Alcohol Foundation (the "Foundation") appeals from the dis-trict court's March 3, 2002 decision and order dismissing the Foundation's com-plaint for lack of jurisdiction under the False Claims Act. 31 U.S.C. §§ 3729–3733. On appeal, the Foundation argues that the district court erred in concluding that it lacked jurisdiction because the Foundation was not the original source of the informa-

**154**

tion upon which its claim was based. We disagree.

We review the district court's Fed. R.Civ.P. 12(b)(1) dismissal for lack of jurisdiction *de novo*. *See United States ex rel Dhawan & Gowie v. N.Y. Med. College*, 252 F.3d 118, 120 (2d Cir.2001) (*per curiam*). "Under the False Claims Act, a private party may maintain a *qui tam* action based on publicly disclosed allegations of fraud or fraudulent transactions only if the party qualifies as 'an original source of th[is] information.'" *Id.* (quoting 31 U.S.C. § 3730(e)(4)(A)) (alteration in original). The Foundation acknowledges that the research it relies upon has been previously published and is thus "publicly disclosed" information. It argues however that it has synthesized this publicly disclosed research into original "meta analyses." We reject this claim because the Foundation's disclosure statement merely compiles previously published research; thus it is not the "original source" of any of the information upon which it relies. The district court, therefore, lacked jurisdiction over the Foundation's complaint under the False Claims Act, *see* 31 U.S.C. § 3730(e)(4)(A), and properly dismissed it.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.